[No. B079622. Second Dist., Div. Six. Jan. 19, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
CAROLE LYNNE ALBERTS, Defendant and Appellant.

COUNSEL

Lauri K. Brown, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Roy C. Preminger and Richard B. Cullather, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

YEGAN, J.—Carole Lynne Alberts was convicted in a court trial of two counts of attempted arson of an inhabited structure (Pen. Code, §§ 664, 451, subd. (b), counts I and II,) and making a terrorist threat (Pen. Code, § 422,

count III).[1] She meritoriously contends that she was improperly charged and sentenced pursuant to the general attempt statute, i.e., section 664 as opposed to the specific attempt statute for attempted arson, section 455.

Appellant worked at a McDonald's restaurant in Simi Valley. On March 16, 1993, Suzanne Schaefer, the assistant manager at McDonald's, terminated appellant's employment. That evening Schaefer found a threatening note stuck into her car seat with a knife. Later that evening, Schaefer saw appellant leaving her driveway and discovered broken eggs on the porch of her house.

The next morning, a wooden gate at Schaefer's residence was set on fire. The fire was extinguished. That evening, Schaefer saw appellant climbing over her back fence. Then Schaefer saw a flaming blanket next to the back of her house. That fire was also extinguished.

Appellant denied being angry at her termination from McDonald's and denied having committed any of the offenses.

Appellant brought the charging problem to the trial court's attention and moved for dismissal. She argued that she should have been charged with violating section 455. The People argued that the charging was lawful because section 451, subdivision (b) was specific and focused on "inhabited" structures and that section 455 was general because it applied to "any structure."

The trial court ruled that appellant was properly charged because ". . . the Legislature has gone to the trouble of particularizing punishment for particular types of arson, that being arson of an inhabited structure. . . ." It sentenced appellant to the upper four-year term on count I, ten months on count II, and eight months on count III, such sentences to run consecutively, aggregating to five years and four months.

Section 451, subdivision (b) provides, in pertinent part: "A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure, forest land, or property. . . . [¶] (b) Arson that causes an inhabited structure or inhabited property to burn is a felony punishable by imprisonment in the state prison for three, five, or eight years."

---

[1]All further statutory reference are to the Penal Code.

Section 664, in pertinent part, provides: "Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows: [¶] (a) If the offense so attempted is punishable by imprisonment in the state prison, the person guilty of that attempt is punishable by imprisonment in the state prison for one-half the term of imprisonment prescribed upon a conviction of the offense so attempted . . . ." Thus, if sections 664 and 451, subdivision (b) were to be applicable, the penalty scheme would be one and one-half years, two and one-half years, and four years.

Section 455, in pertinent part provides: "Any person who willfully and maliciously attempts to set fire to or attempts to burn or to aid, counsel or procure the burning of any structure, forest land or property, or who commits any act preliminary thereto, or in furtherance thereof, is punishable by imprisonment in the state prison for 16 months, two or three years."

" 'The problem . . . is one of trying to ascertain the legislative intent . . . .' " (*In re Pedro T.* (1994) 8 Cal.4th 1041, 1045 [36 Cal.Rptr.2d 74, 884 P.2d 1022].) Did the Legislature intend that attempted arson of an "inhabited" dwelling be punishable at one-half the three-, five-, eight-year penalty scheme of section 451, subdivision (b), pursuant to section 664 or did it intend the lesser sixteen-month, two-year, three-year penalty scheme of section 455?

██ There are several reasons why we are compelled to conclude that the section 455 penalty scheme is here controlling. First, "[i]t is the policy of this state to construe a penal statute as favorably to the defendant as its language and the circumstances of its application may reasonably permit; just as in the case of a question of fact, the defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of language used in a statute." (*Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420]; see also *In re Pedro T., supra*, 8 Cal.4th at p.1046.)

Second, section 664 expressly says that it applies ". . . where no provision is made by law for the punishment of such attempts . . . ." Here, the Legislature has provided for the punishment of arson attempts in section 455. Were we to adopt the People's theory, credited by the trial court, we would have to "rewrite" section 455 as follows: "Any person who willfully and maliciously attempts to set fire to or attempts to burn . . . any structure [except an inhabited dwelling] is punishable by imprisonment in the state

prison for 16 months, two or three years." ▇ It is not the legitimate function of an appellate court to rewrite a statute. (See e.g., *People* v. *Superior Court (Ramos)* (1991) 235 Cal.App.3d 1261, 1271 [1 Cal.Rptr.2d 333].)

▇ Third, the conduct prescribed in section 455 is "specific" and the conduct prescribed in section 664 is "general" within the meaning of the rule established by our Supreme Court in cases such as *People* v. *Gilbert* (1969) 1 Cal.3d 475, 479 [82 Cal.Rptr. 724, 462 P.2d 580] and *In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593]: " 'It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment.' " "The principle that a specific statute prevails over a general one applies only when the two sections cannot be reconciled. [Citations.]" *(People* v. *Wheeler* (1992) 4 Cal.4th 284, 293 [14 Cal.Rptr.2d 418, 841 P.2d 938].)

In *In re Williamson, supra,* 43 Cal.2d 651, for example, the petitioner was convicted of conspiring to violate Business and Professions Code section 7028, contracting without a license. The prosecutor charged him with violating section 182, the general statute covering conspiracies. However, Business and Professions Code section 7030 specifically dealt with conspiracy to contract without a license and provided a lesser penalty scheme. The Supreme Court recognized the statutory inconsistency and held that the general conspiracy charge with the increased penalty scheme was not applicable. *(In re Williamson, supra,* 43 Cal.2d at p. 655.)

Here the general statute, i.e., the combination of sections 664 and 451, subdivision (b) conflicts with the special statute, i.e., section 455. The term "structure" "means any building, or commercial or public tent, bridge, tunnel, or powerplant." (§ 450 subd. (a).) "Inhabited" means "currently being used for dwelling purposes whether occupied or not." (§ 450, subd. (d).) A "structure" necessarily includes "inhabited structures" such as the one owned by the victim herein. Thus, the general statutes (§§ 664, 451 subd. (b)) are included in the special statute (§ 455). Since these sections cannot be reconciled, section 455 must prevail. *(People* v. *Wheeler, supra,* 4 Cal.4th at p. 293.)[2]

The judgment is modified to show that appellant was convicted of two counts of violating section 455. The sentence is modified to show that as to

---

[2]If the Legislature determines that the general attempt statute with the greater penalty scheme for attempted arson of an inhabited dwelling is appropriate, it may amend section 455 to so indicate.

count I, appellant is sentenced to state prison for the upper three-year term; as to count II, she was sentenced to state prison for one-third of the middle term, eight months, and as to count III, for one-third of the middle term, i.e., eight months, each to run consecutively to each other. This aggregates to a total unstayed term of four years four months. As so modified the judgment is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.