[No. B087747. Second Dist., Div. Six. Nov. 14, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY DAVID FLORES, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

**COUNSEL**

Raymond L. Girard, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, William T. Harter and Thomas W. Casparian, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GILBERT, J.**—Here we hold, among other things, that a prior conviction for attempted arson is a "serious felony" under Penal Code section 1192.7 for which a five-year enhancement is proper.[1]

[[ ]]*

[[FACTS]]*

[[ ]]*

A jury convicted Henry David Flores of assault with a deadly weapon. (§ 245, subd. (a)(1).) The trial judge found Flores had two prior felony convictions, within section 667, subdivision (a). One of the convictions was for section 455, attempt to burn. (People v. Flores (Super. Ct. Santa Barbara County, 1989, No. 176641).) [[ ]]*

[[ ]]*

DISCUSSION

I.

Flores contends the five-year enhancement for his attempted arson conviction in People v. Flores, *supra*, No. 176641, is improper because attempted arson under section 455 is not a "serious felony" under section 1192.7, subdivision (c)(14) and (27). Flores argues that only an attempted arson conviction under sections 664 (general attempt statute) and 451 may enhance punishment of a recidivist offender under section 667, subdivision (a). He adds that section 455 defines "attempt" behavior more broadly than the general attempt statute (§ 664) because section 455 includes acts "preliminary thereto, or in furtherance thereof" attempts to burn.[2]

In February 1994, the time of Flores's present criminal offense, section 667, subdivision (a) provided: "[A]ny person convicted of a serious felony

---

[1]All statutory references are to the Penal Code unless otherwise stated.

*See footnote, *ante*, page 1811.

[2]Section 451 provides: "A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure, forest land, or property."

Section 455 provides: "Any person who willfully and maliciously attempts to set fire to or attempts to burn or to aid, counsel or procure the burning of any structure, forest land or

who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction . . . ." "Serious felony" means a serious felony listed in section 1192.7. (§ 667, subd. (d).) Section 1192.7, subdivision (c)(14) includes "arson" and subdivision (27) includes "any attempt to commit a crime listed in this subdivision . . . ."

The 1989 felony information in People v. Flores, *supra*, No. 176641, charged Flores with "attempt to set fire and attempt to burn a structure" as well as committing "an act preliminary thereto and in furtherance thereof" in violation of section 455. Flores pleaded guilty to attempted arson and stated, in writing, this factual basis for his plea: "I admit that there are facts from which a jury could find me guilty of attempted arson."

In *People* v. *Alberts* (1995) 32 Cal.App.4th 1424 [37 Cal.Rptr.2d 401], we held that section 455 was a special statute concerning attempted arson which prevailed over section 664, the general attempt statute. (32 Cal.App.4th at p. 1428.) We reasoned that section 664 expressly applied only " 'where no provision is made by law for the punishment of such attempts . . . .' " (32 Cal.App.4th at p. 1427.) Section 455 punishes "attempts to set fire to or attempts to burn." Also, section 455 prohibits specific conduct while section 664 prohibits general conduct. (32 Cal.App.4th at p. 1428.) "Thus, the general statutes (§§ 664, 451, subd. (b)) are included in the special statute (§ 455). Since these sections cannot be reconciled, section 455 must prevail. [Citation.]" (*Ibid.*)

Section 1192.7, subdivision (c)(27) includes as a "serious felony" "any attempt to commit a crime listed in this subdivision." Subdivision (c)(14) lists arson as a serious felony. Under *Alberts*, attempted arson must be charged under section 455, the specific statute that prohibits attempted arson and acts preliminary to and in furtherance of the arson. (See also *People* v. *Lavine* (1931) 115 Cal.App. 289, 296 [1 P.2d 496] [attempted extortion is punishable by specific attempted extortion statute, not general attempt statute].) Thus, by the plain language of section 1192.7, subdivision (c)(14) and (27), Flores's sentence in the present case was properly enhanced by a five-year term under section 667, subdivision (a), for his 1989 attempted arson conviction.

property, or who commits any act preliminary thereto, or in furtherance thereof, is punishable by imprisonment in the state prison for 16 months, two or three years."

Section 664 provides, in part: "Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows: . . . ."

[[II.]]*

Accordingly, the judgment is affirmed.

Stone (S. J.), P. J., and Yegan, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 14, 1996.

---

*See footnote, *ante*, page 1811.