Filed 7/10/14

<u>CERTIFIED FOR PARTIAL PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LANCE LAMONT JERNIGAN,<br><br>    Defendant and Appellant. | B253467<br><br>(Los Angeles County<br>Super. Ct. No. TA047925) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge. Reversed and remanded with directions.

Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Chung Mar and Jessica C. Owen, Deputy Attorneys General, for Plaintiff and Respondent.

---

*       Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part III (A).

# I. INTRODUCTION

Defendant, Lance Lamont Jernigan, is subject to two concurrent 25-year-to-life sentences. Defendant seeks to have his indeterminate sentences recalled and be resentenced to a determinate term pursuant to Penal Code[1] section 1170.126, subdivision (f). The trial court ruled defendant's prior serious felony conviction for attempted forcible oral copulation disqualified him from seeking resentencing. (§§ 288a, subd. (c)(2)(A), 664, subd. (a), 667, subd. (e)(2)(C)(iv)(I), 1170.12, subd. (c)(2)(C)(iv)(I), 1170.126, subd. (e)(3), Welf. & Inst. Code, § 6600, subd. (b).) In the published portion of this opinion, we hold that defendant's prior attempted forcible oral copulation serious felony conviction did not bar him from seeking resentencing. Thus, upon remittitur issuance, the trial court must exercise its discretion and determine whether defendant, if released, poses an unreasonable risk of danger to the public. If he does, his petition must be denied. (§ 1170.126, subd. (f); *People v. Superior Court (Kaulick)* 215 Cal.App.4th 1279, 1293-1294, fn. 12.)

# II. BACKGROUND

Defendant was convicted in 1997 of: grand theft of an automobile (§ 487, subd. (d)), a felony; cocaine possession (Health & Saf. Code, § 11350, subd. (a)), a felony; and giving false information to a peace officer (§ 148.9, subd. (a)), a misdemeanor. The jury further found defendant had sustained two prior serious felony convictions within the meaning of sections 667, subdivisions (b) through (i), and 1170.12, as they were in effect in 1997. (Stats. 1994, ch. 12, § 1, p. 74; Stats. 1994, Tentative Statutes, Prop. 184, p. A-316.) The prior serious felony convictions were for robbery (§ 211) and attempted forcible oral copulation (§§ 664, 288a, subd. (c)(2)(A)). Defendant received two concurrent sentences of 25 years to life under sections 667, subdivision (e)(2)(A) and

---

[1] Future statutory references are to the Penal Code unless otherwise noted.

1170.12, subdivision (c)(2)(A) for grand theft auto and cocaine possession. In addition, defendant received a concurrent six-month term for the misdemeanor. (*People v. Jernigan* (Dec. 3, 1998, B118746) [nonpub. opn.].) In our unpublished opinion, we held substantial evidence supported the trial court's finding defendant's prior conviction for attempted forcible oral copulation was a serious felony. We held there was substantial evidence based upon, among other matters, defendant's admission while testifying he had been previously convicted of attempted forcible oral copulation. Also, there was a notation in the abstract of judgment from the prior case that defendant in fact had been convicted of attempted forcible oral copulation. (*People v. Jernigan, supra*, B118746.)

On October 15, 2013, defendant sought resentencing pursuant to section 1170.126. The trial court denied the petition. In denying defendant's petition, the trial court relied upon: the August 25, 1997 information, which alleges defendant had been convicted of attempted forcible oral copulation; the November 25, 1997 verdict, which found defendant had previously been convicted of attempted forcible oral copulation; the minute order reflecting the jury's finding that defendant had previously been convicted of attempted forcible oral copulation; and the abstract of judgment, which reflects defendant was sentenced to prison on December 14, 1990, for attempted forcible oral copulation. This appeal followed.

### III. DISCUSSION

[Part III (A) is deleted from publication.]

### A. Appealability

The question whether defendant has a right to appeal the trial court's denial of his petition on threshold eligibility grounds is before our Supreme Court in *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708. (See also *People v. Wortham* (2014) 220 Cal.App.4th 1018, rev. granted Jan. 15, 2014, S214844

3

[briefing deferred pending decision in *Teal*]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, rev. granted July 31, 2013, S212017 [same]; *People v. Leggett* (2013) 219 Cal.App.4th 846, rev. granted Dec. 18, 2013, S214264 [same].) Pending a decision by our Supreme Court, we hold the present order is appealable as an order made after judgment affecting petitioner's substantial rights. (§ 1237, subd. (b); *People v. Haynes* (2014) 225 Cal.App.4th 997, 1003-1005.)

[The remainder of this opinion is to be published.]

B. Section 1170.126

Proposition 36, the Three Strikes Reform Act of 2012, was approved by the voters in the November 6, 2012 General Election. Sections 667 and 1170.12 were amended and section 1170.126 was enacted. As the Court of Appeal explained in *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168: "The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. (§§ 667, 1170.12.) The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (Accord, *People v. Superior Court (Kaulick)*, *supra,* 215 Cal.App.4th at p. 1292.)

4

In ruling on a section 1170.126 resentencing petition, the trial court must first determine whether an inmate is eligible for resentencing. (§ 1170.126, subd. (f).) An inmate is eligible for resentencing if: the inmate is serving an indeterminate life term imposed for a non-serious, non-violent felony conviction; the inmate's current sentence was not imposed for any of the disqualifying offenses specified in section 1170.126, subdivision (e)(2); and the inmate has no prior convictions for any of the disqualifying offenses adverted to in section 1170.126, subdivision (e)(3). (§ 1170.126, subd. (e).) If the inmate is eligible, the trial court must resentence the inmate unless, in its discretion, the trial determines resentencing the inmate would pose an unreasonable risk of danger to the public. (§ 1170.126, subd. (f); *People v. Superior Court (Kaulick), supra,* 215 Cal.App.4th at pp. 1293-1294, fn. 12.) Hence, there are two separate considerations. First, the trial court must determine whether an inmate is eligible for resentencing. And second, the trial court must evaluate whether resentencing an eligible inmate would pose an unreasonable risk of danger to the public. Here, as noted above, the trial court denied the resentencing petition on threshold eligibility grounds.

At issue here is whether defendant has sustained a disqualifying prior conviction. (§ 1170.126, subd. (e).) Section 1170.126, subdivision (e)(3) does not directly list the disqualifying serious or violent felony prior convictions. Rather, section 1170.126, subdivision (e)(3) directs the reader to sections 667, subdivision (e)(2)(C)(iv) and 1170.12, subdivision (c) (2)(C)(iv). Section 1170.126, subdivision (e)(3) states: "(e) An inmate is eligible for resentencing if: [¶] . . . [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." Sections 667, subdivision (e)(2)(C)(iv) and 1170.12, subdivision (c)(2)(C)(iv) contain the same operative language. They list the disqualifying prior convictions: "The defendant suffered a prior serious and/or violent felony conviction . . . for any of the following felonies: [¶] (I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code. [¶] (II) Oral copulation with a child who is under 14 years of age,

5

and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289.  [¶]  (III)  A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288.  [¶]  (IV)  Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive.  [¶]  (V) Solicitation to commit murder as defined in Section 653f.  [¶]  (VI)  Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245.  [¶]  (VII)  Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418.  [¶]  (VIII)  Any serious and/or violent felony offense punishable in California by life imprisonment or death.”

The Attorney General argues defendant falls within the provisions of sections 667, subdivision (e)(2)(C)(iv)(I) and 1170.12, subdivision (c)(2)(C)(iv)(I) which state in part: “(iv)  The defendant suffered a prior serious and/or violent felony conviction . . . for any of the following felonies:  [¶]  (I)  A ‘sexually violent offense’ as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.”  In assessing eligibility for resentencing, it is necessary to turn to Welfare and Institutions Code section 6600, subdivision (b).

Welfare and Institutions Code section 6600, subdivision (b) defines a “sexually violent offense” as follows:  “‘Sexually violent offense’ means the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person, and that are committed on, before, or after the effective date of this article and result in a conviction or a finding of not guilty by reason of insanity, as defined in subdivision (a):  a felony violation of Section 261, 262, 264.1, 269, 286, 288, 288a, 288.5, or 289 of the Penal Code, or any felony violation of Section 207, 209, or 220 of the Penal Code, committed with the intent to commit a violation of Section 261, 262, 264.1, 286, 288, 288a, or 289 of the Penal Code.”  The Attorney General argues the

relevant language in Welfare and Institutions Code section 6600, subdivision (b) relates to assault with intent to violate section 288a. To parse out the irrelevant language, the Attorney General asks us to read Welfare and Institutions Code section 6600, subdivision (b) as follows, "'Sexually violent offense' means the following acts when committed by force . . . any felony violation of Section . . . 220 of the Penal Code, committed with the intent to commit a violation of Section . . . 288a . . . of the Penal Code." The Attorney General acknowledges that Welfare and Institutions Code section 6600, subdivision (b) does not include an *attempt* to commit any of the enumerated offenses. (*Garcetti v. Superior Court* (2000) 85 Cal.App.4th 1113, 1118, fn. 4 ["For whatever reason, the Legislature did not include an *attempted* [offense] as a qualifying offense within section 6600, subdivision (b)."].)

However, the Attorney General argues that there is an ambiguity created by the absence of an attempt provision in Welfare and Institutions Code section 6600, subdivision (b). The Attorney General notes that sections 667, subdivision (e)(2)(C)(iv) and 1170.12, subdivision (c)(2)(C)(iv) begin the enumeration of the disqualifying offenses with the language, "The defendant suffered a prior serious and/or violent felony conviction . . ." And the Attorney General argues that the term "prior serious . . . felony conviction" includes an attempt to commit such a crime (other than an assault), which it does. (§ 1192.7, subd.(c)(39); *People v. Flores* (1995) 39 Cal.App.4th 1811, 1814.) Thus, the Attorney General reasons sections 667, subdivision (e)(2)(C)(iv) and 1170.12, subdivision (c)(2)(C)(iv) include an attempt while Welfare and Institutions Code section 6600, subdivision (b) does not.

Seizing on this ambiguity, the Attorney General refers to arguments in favor of Proposition 36 in the Voter Information Guide prepared for the November 6, 2012 General Election. That argument states, "*Requires:* Life sentences for dangerous criminals who commit serious and violent crimes." (Voter Information Guide, Gen. Elec. (Nov. 6, 2012), argument in favor of Prop. 36, p. 53.) In *People v. Yearwood, supra,* 213 Cal.App.4th at page 171, the Court of Appeal quoted other arguments in support of Proposition 36: " . . . 'Prop. 36 will help stop clogging overcrowded prisons with non-

7

violent offenders, so we have room to keep violent felons off the streets' and 'Prop. 36 will keep dangerous criminals off the streets.' (Voter Information Guide, Gen. Elec., *supra*, argument in favor of Prop. 36, p. 52.)  The Act's proponents stated that 'Criminal justice experts and law enforcement leaders carefully crafted Prop. 36 so that truly dangerous criminals will receive no benefits whatsoever from the reform.' (*Ibid.*)"  At another point, the court in *Yearwood* explained:  "Enhancing public safety was a key purpose of the Act.  The Act's proponents argued that the initiative would ensure dangerous criminals remain in prison.  One of the arguments in the ballot pamphlet in opposition to the Act referenced the postconviction release process created by section 1170.126.  It asserted that '[a] hidden provision . . . will allow thousands of dangerous criminals to get their prison sentence reduced and then released from prison early.' (Voter Information Guide, Gen. Elec., *supra,* rebuttal to argument in favor of Prop. 36, p. 52, capitalization omitted.)  In rebuttal, proponents denounced this argument as a 'scare tactic.' (Voter Information Guide, Gen. Elec., *supra,* rebuttal to argument against Prop. 36, p. 53.)  Proponents insisted that the Act 'requires that murderers, rapists, child molesters, and other dangerous criminals serve their full sentences,' and it 'prevents dangerous criminals from being released early.' (*Ibid.* italics omitted.)" (*People v. Yearwood*, *supra*, 213 Cal.App.4th at pp. 175-176.)

Given this ambiguity, the Attorney General argues we should construe Welfare and Institutions Code section 6600, subdivision (b) to include an attempt to commit forcible oral copulation.  The Attorney General reasons that assault with intent to commit and attempted forcible oral copulation are very similar offenses.  (*People v. De Porceri* (2003) 106 Cal.App.4th 60, 68 [an assault with intent to commit a crime necessarily embraces an attempt but an attempt does not necessarily include an assault]; *People v. Ramirez* (1969) 2 Cal.App.3d 345, 354 ["An attempt to commit rape by force and violence and an assault with intent to commit rape against the same victim and at the same time are but two different ways of describing the same criminal act."].)  Given the totality of this purported ambiguity and statement of voter intent, the Attorney General asserts attempted forcible oral copulation is a disqualifying offense.  According to the

8

Attorney General, this is so even though *attempted* forcible oral copulation is not listed in Welfare and Institutions Code section 6600, subdivision (b).

The voters mandated that Proposition 36 be liberally construed to effectuate its purposes, "This act is an exercise of the public power of the people of the State of California for the protection of the health, safety, and welfare of the people of the State of California, and shall be liberally construed to effectuate those purposes." (Voter Information Guide, Gen. Elec., *op. cit.*, text of Prop. 36, § 7, p. 110; see *People v. White* (2014) 223 Cal.App.4th 512, 522.) It is established, nonetheless, that in interpreting a voter initiative, we apply well settled rules of statutory construction. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276; *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900-901.) Our Supreme Court recently reiterated those rules in *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1369: "'In construing statutes, "our fundamental task is 'to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute.' [Citations.] We begin by examining the statutory language because it generally is the most reliable indicator of legislative intent. [Citation.] We give the language its usual and ordinary meaning, and '[i]f there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs.' [Citation.] If, however, the statutory language is ambiguous, 'we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history.' [Citation.] Ultimately we choose the construction that comports most closely with the apparent intent of the lawmakers, with a view to promoting rather than defeating the general purpose of the statute. [Citations.]"' (*Mays v. City of Los Angeles* (2008) 43 Cal.4th 313, 321.)" (Accord, *People v. Licas* (2007) 41 Cal.4th 362, 367.)

By its plain terms, Welfare and Institutions Code section 6600, subdivision (b) defines a "sexually violent offense" to include forcible oral copulation. But "sexually violent offense" clearly does not include the offense of *attempted* forcible oral copulation. "Sexually violent offense" as statutorily defined does not include an *attempt* to commit any of the listed sexual offenses. (*Garcetti v. Superior Court, supra,* 85 Cal.App.4th at p. 1118, fn. 4.) Indeed, with the exception of attempted homicide, all of

9

the disqualifying prior convictions are completed crimes. Under the plain language of the governing provisions, defendant's prior conviction of *attempted* forcible oral copulation does not render him ineligible for resentencing under section 1170.126.

Nor is there any ambiguity which would permit us to insert attempted forcible oral copulation as an enumerated offense into the language in Welfare and Institutions Code section 6600, subdivision (b). Sections 667, subdivision (e)(2)(C)(iv)(I) and 1170.12, subdivision (c)(2)(C)(iv)(I) which contain the "prior serious . . . felony conviction" language, refer directly to Welfare and Institutions Code section 6600, subdivision (b). There is nothing ambiguous about the language in sections 667, subdivision (e)(2)(C)(iv)(I) and 1170.12, subdivision (c)(2)(C)(iv)(I). The potentially relevant enumerated offenses are found in Welfare and Institutions Code section 6600, subdivision (b). Moreover, even if there were some ambiguity, nothing in the Voter Pamphlet supports the position of the Attorney General that a prior attempted forcible oral copulation conviction prevents resentencing. The subject is never mentioned. We cannot rewrite the statutory language to reach the result the Attorney General desires. (See *Vasquez v. State* (2008) 45 Cal.4th 243, 253; *People v. Leal* (2004) 33 Cal.4th 999, 1008; *People v. Garcia* (1999) 21 Cal.4th 1, 10-11, 14-15.) If the voters wanted to disqualify from resentencing an inmate with *any* prior serious or violent felony conviction, Proposition 36 would have so provided. Instead, as discussed above, section 1170.126, subdivision (e) disqualifies only certain inmates in specified circumstances. The electorate did not choose to disqualify from eligibility for resentencing every inmate with *any* prior serious or violent felony.

One final note is in order concerning defendant's prior attempted forcible oral copulation conviction. In evaluating whether a prior conviction involves a serious felony, courts look to the nature, basis or substance of the crime of which the accused had been previously convicted. (*People v. McGee* (2006) 38 Cal.4th 682, 691; *People v. Reed* (1996) 13 Cal.4th 217, 223.) Courts evaluate the entire record of the prior proceedings to determine whether the offense satisfies all of the elements of a section 1192.7, subdivision (c) serious felony. (*People v. Woodell* (1998) 17 Cal.4th 448, 453*; People v.*

*Guerrero* (1988) 44 Cal.3d 343, 355.) We need not determine whether this rule also applies in determining whether a serious felony is a disqualifying offense in sections 667, subdivision (e)(2)(C)(iv) and 1170.12, subdivision (c)(2)(C)(iv). In any event, we have no admissible facts before us concerning the prior attempted forcible oral copulation offense other than the evidence of the conviction itself. Also, courts have always been able to evaluate the least adjudicated elements of a prior conviction in order to determine its true nature. (See *People v. Reed*, *supra*, 13 Cal.4th at p. 222; *People v. Myers* (1993) 5 Cal.4th 1193, 1199.) But the least adjudicated elements of attempted forcible oral copulation do not include an assault with intent to do so. (*People v. De Porceri*, *supra*, 106 Cal.App.4th at p. 68; see *People v. Rupp* (1953) 41 Cal.2d 371, 382.)

## IV.  DISPOSITION

The order is reversed. Upon remittitur issuance, the trial court is to determine whether resentencing defendant would pose an unreasonable risk of danger to the public. If so, the petition must be denied.

CERTIFIED FOR PARTIAL PUBLICATION

TURNER, P. J.

We concur:

MOSK, J.

MINK, J.*

---

*       Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11