Filed 11/10/15  P. v. Landers CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ANDRE LANDERS,<br><br>　　　　Defendant and Appellant. | B260390<br><br>(Los Angeles County<br>Super. Ct. No. BA156250) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed and remanded.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Andre Landers appeals the order denying his petition to recall his sentence and for resentencing under Proposition 36, the Three Strikes Reform Act of 2012 (Proposition 36 or the Act). (Pen. Code, § 1170.126.)[1] While the appeal was pending, the Supreme Court issued a decision that governs this case, *People v. Johnson* (2015) 61 Cal.4th 674, 695 (*Johnson*). We reverse and remand for a new hearing.

### FACTUAL AND PROCEDURAL BACKGROUND

In October 1997, defendant was convicted by a jury of grand theft person (§ 487, count 1) and second degree robbery (§ 211, count 2). He admitted two prior strike convictions (§§ 1170.12, subd. (a)-(d), 667, subd. (b)-(f)). He received an indeterminate sentence of 25 years to life on count 1, and an identical sentence on count 2, which was stayed under section 654.

In November 2012, the electorate approved Proposition 36, which amended the Three Strikes law by limiting the imposition of an indeterminate life sentence to those defendants whose third felony is "serious" or "violent" as these terms are defined in the statute. In addition, the Act allowed those serving a life sentence for a third felony that was neither serious nor violent to petition for a recall of sentence and to request resentencing. (§ 1170.126, subd. (b).)

In April 2013, defendant petitioned to recall his sentence and for resentencing under Proposition 36. He argued that he is eligible for resentencing because his current offense, grand theft person, is not defined as serious or violent. The trial court denied the petition on the ground that he was rendered ineligible for resentencing by his conviction of robbery, a violent felony.

In November 2014, defendant petitioned to recall his sentence and for resentencing on count 1, grand theft person, but conceded he was ineligible for resentencing on count 2, robbery. The court denied the petition on the ground that the Act does not allow count by count resentencing. This timely appeal followed.

---

[1] All further statutory references are to the Penal Code.

## DISCUSSION

In *Johnson*, *supra*, 61 Cal.4th 674, the California Supreme Court considered the identical issue presented in this appeal: "whether an inmate who was convicted of both a serious or violent felony and a felony that is neither serious nor violent is eligible for resentencing with respect to the felony that is neither serious nor violent." (*Id.* at p. 679.) The Court concluded that an inmate who was convicted of both types of felonies is eligible for resentencing on the count that is neither serious nor violent. (*Ibid.*)

Accordingly, we conclude that the robbery conviction (count 2) does not render defendant ineligible for resentencing on count 1, grand theft person. (*Johnson*, *supra*, 67 Cal.4th at p. 679.) The order denying the petition is reversed, and the matter is remanded for a new hearing at which "the trial court must exercise its discretion and determine whether defendant, if released, poses an unreasonable risk of danger to the public. If he does, his petition must be denied. (§ 1170.126, subd. (f); *People v. Superior Court* (*Kaulick)* 215 Cal.App.4th 1279, 1293–1294, fn. 12.)" (*People v. Jernigan* (2014) 227 Cal.App.4th 1198, 1202.)

We note the parties disagree whether the stay under section 654 of the indeterminate life sentence on count 2 may be lifted if defendant is resentenced on count 1. We decline to reach that issue, which is premature.

## DISPOSITION

The order is reversed and the matter is remanded for further proceedings.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:



WILLHITE, J.                                      MANELLA, J.

3