Filed 2/10/16  P. v. States CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

CHARLES LEWIS STATES,

     Defendant and Appellant.

E063471

(Super.Ct.No. FVI1303081)

ORDER MODIFYING OPINION

[NO CHANGE IN JUDGMENT]

THE COURT

The opinion filed in this matter on February 2, 2016 is modified as follows:

On page 1, change the first full sentence from:

Defendant Charles Lewis States pleaded guilty to

unlawfully taking or driving a vehicle in violation of Vehicle

Code section 10851, subdivision (a) (section 10851(a)).

To:

1

Defendant Charles Lewis States pleaded guilty to attempted unlawful taking or driving of a vehicle in violation of Vehicle Code section 10851, subdivision (a) (section 10851(a)).

Except for this modification, the opinion remains unchanged. This modification does not effect a change in judgment.

NOT FOR PUBLICATION

RAMIREZ _____
P. J.

We concur:


McKINSTER _____
J.


CODRINGTON _____
J.

Filed 2/2/16  P. v. States CA4/2 (unmodified version)

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063471 |
| v. | (Super.Ct.No. FVI1303081) |
| CHARLES LEWIS STATES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Valerie G. Wass for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Eric A. Swenson, Lynne G. McGinnis and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Charles Lewis States pleaded guilty to unlawfully taking or driving a vehicle in violation of Vehicle Code section 10851, subdivision (a) (section 10851(a)).

1

Thereafter, Proposition 47 went into effect. Proposition 47 allows certain defendants convicted of specified theft or drug-related felonies to petition to have those convictions treated as misdemeanors. The trial court denied defendant's petition under Proposition 47, on the ground that Proposition 47 does not apply to a conviction for unlawfully taking or driving a vehicle.

Defendant appeals. He contends that Proposition 47 must be construed as applying to a conviction for unlawfully taking or driving a vehicle. Alternatively, he contends that, if Proposition 47 does not apply to a conviction for unlawfully taking or driving a vehicle, it violates equal protection.

We reject both contentions and we will affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, defendant pleaded guilty to attempted unlawful taking or driving of a vehicle (Pen. Code, § 664, subd. (a); Veh. Code, § 10851, subd. (a)) and admitted one "strike" prior conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12). He was sentenced to a total of two years (double the midterm) in prison. He allegedly served that sentence.

In 2014, Proposition 47 went into effect. (See *People v. Garness* (2015) 241 Cal.App.4th 1370, 1372 [Fourth Dist., Div. Two].)

In 2015, defendant filed a petition to have the conviction redesignated as a misdemeanor pursuant to Penal Code section 1170.18. The trial court denied the petition.

2

It ruled that defendant was not eligible for resentencing because unlawful taking or driving of a vehicle is not one of the crimes specified in Penal Code section 1170.18.

II

DEFENDANT IS NOT ENTITLED TO THE BENEFITS OF PROPOSITION 47

A.    *General Background Regarding Proposition 47*.

In general, Proposition 47 reduced certain theft-related offenses — provided they involve property worth $950 or less — and certain possessory drug offenses from felonies (or wobblers) to misdemeanors, unless the defendant is otherwise ineligible. (Couzens & Bigelow, Proposition 47:  "The Safe Neighborhoods and Schools Act" (Aug. 2015) pp. 24-28, available at <http://www.courts.ca.gov/documents/Prop-47-Information.pdf>, as of Jan. 22, 2016.)  It also allowed persons previously convicted of one of the specified offenses as a felony to petition to reduce the prior conviction to a misdemeanor.  (Pen. Code, § 1170.18.)

In particular, as relevant here, Proposition 47 enacted Penal Code section 490.2, subdivision (a) (section 490.2(a)), which provides:  "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."

It also enacted Penal Code section 1170.18, subdivision (a) (section 1170.18, subdivision (a)), which provides:  "A person currently serving a sentence for a conviction

3

. . . of a felony or felonies who would have been guilty of a misdemeanor under th[is] act . . . had this act been in effect at the time of the offense may petition . . . to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

Finally, it enacted Penal Code section 1170.18, subdivision (f) (section 1170.18, subdivision (f)), which provides: "A person who has completed his or her sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application . . . to have the felony conviction or convictions designated as misdemeanors."

Proposition 47 did not explicitly amend section 10851(a).

B.      *Statutory Construction.*

Defendant contends that Proposition 47 should be construed as allowing a petition to have a conviction of unlawful taking or driving reduced to a misdemeanor.[1]

"'"[O]ur fundamental task is 'to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute.'"' [Citation.] We begin with the text, 'giv[ing] the words their usual and ordinary meaning [citation], while construing them in light of the statute as a whole and the statute's purpose [citation].' [Citation.] 'If no ambiguity appears in the statutory language, we presume that the Legislature meant what it said, and

---

[1]      This issue is currently before the California Supreme Court in *People v. Page* (2015) 241 Cal.App.4th 714, review granted, Jan. 27, 2016, S230793.

the plain meaning of the statute controls.'  [Citation.]" (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123.)

A person can file a petition to reduce a prior conviction to a misdemeanor if he or she "would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense . . . ." (Pen. Code, § 1170.18, subd. (f).)  Defendant was guilty of a felony under section 10851(a); today, he would still be guilty of a felony under section 10851(a).

Here, defendant had allegedly served his sentence; thus, he applied for relief under section 1170.18, subdivision (f).  As noted, a defendant who is still serving a sentence can apply for relief under section 1170.18, subdivision (a).  That subdivision permits a request for "resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Sections 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."  It does not authorize a defendant serving a sentence under section 10851(a) to seek resentencing.

Unlike section 1170.18, subdivision (a), section 1170.18, subdivision (f) does not list the statutes that were amended by Proposition 47.  It has no need to; once the defendant has finished serving his or her sentence, there is no need for resentencing, and hence no need to specify the statutes that govern such resentencing.  Otherwise, however, these two subdivisions parallel each other closely.  Thus, it follows that a defendant who has already served a sentence under section 10851(a) cannot have the conviction reduced to a misdemeanor.

Defendant argues that section 490.2(a) defines "obtaining *any property* by theft" as petty theft (italics added); this would include the unlawful taking of a vehicle. He also notes that unlawful taking or driving of a vehicle is a lesser included offense of grand theft auto (Pen. Code, § 487, subd. (d)(1)). (See *People v. Barrick* (1982) 33 Cal.3d 115, 128.) He concludes: "It would be absurd for [grand theft auto] to be eligible for reduction to a misdemeanor under section 1170.18, when the lesser offense of unlawfully driving or taking an automobile is not eligible for such a reduction."

However, section 490.2, by its terms, applies "[n]otwithstanding Section 487 or any other provision of law *defining grand theft . . . .*" (Italics added.) Section 10851(a) is not a "provision of law defining grand theft." Thus, section 490.2 does not override section 10851(a). By choosing not to override or amend section 10851(a), Proposition 47 left intact a prosecutor's discretion to charge the unlawful taking of a vehicle as a felony, regardless of value. This is not absurd.

If Proposition 47 were intended to apply not only to reduce the punishment for certain specified offenses, but also any lesser included offenses, we would expect some indication of that intent in the statutory language. We find nothing of the sort. It is simply not our role to interpose additional changes to the Penal Code or Vehicle Code beyond those expressed in the plain language of the additions or amendments resulting from the adoption of Proposition 47.

Next, defendant notes that Penal Code section 666 (section 666), defining petty theft with a prior, lists "auto theft under Section 10851(a)" as one of the prior convictions

6

that elevate a petty theft to a wobbler.  (Pen. Code, § 666, subd. (a).)  He also notes that Proposition 47 amended section 666.  He then argues that this shows that it was the intent of Proposition 47 to treat a violation of section 10851(a) as theft.  However, the words "auto theft under Section 10851(a)" long predate Proposition 47.  As defendant admits, they were added to section 666 in 1986.  (Stats. 1986, ch. 402, § 1, p. 1622.)  Thus, they shed no light on the intent behind Proposition 47.

Finally, defendant relies on certain uncodified findings and declarations in Proposition 47.  Section 2 states that Proposition 47 was enacted, in part, "to maximize alternatives for nonserious, nonviolent crime . . . ."  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) Text of Proposed Laws, p. 70.)  Section 3 states:  "In enacting this act, it is the purpose and intent of the people of the State of California to:  [¶]  . . .  [¶]  . . . Require misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession . . . ."  (*Ibid*.)  Section 15 states:  "This act shall be broadly construed to accomplish its purposes."  (*Id*. at p. 74.)  And section 18 states:  "This act shall be liberally construed to effectuate its purposes."  (*Ibid*.)  "However, [a] rule of liberal construction . . . should not be used to defeat the overall statutory framework and fundamental rules of statutory construction."  (*Nickelsberg v. Workers' Comp. Appeals Bd.* (1991) 54 Cal.3d 288, 298; see also *People v. Jernigan* (2014) 227 Cal.App.4th 1198, 1207 ["The voters mandated that Proposition 36 be liberally construed . . . .  It is established, nonetheless, that in interpreting a voter initiative, we apply well-settled rules of statutory construction."].)

7

Accordingly, we conclude that the trial court was correct: Proposition 47 does not allow a defendant who has served a sentence for unlawful taking or driving of a vehicle in violation of section 10851(a) to petition to have that conviction reduced to a misdemeanor.

C.  *Equal Protection*.

Defendant also contends that, if Proposition 47 does not apply to a conviction for unlawful taking or driving of a vehicle in violation of section 10851(a), it violates equal protection.

Defendant forfeited this contention by failing to raise it below. (*People v. Alexander* (2010) 49 Cal.4th 846, 880, fn. 14.)

Separately and alternatively, we also reject this contention on the merits. Applying rational basis scrutiny, the California Supreme Court has held that "neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles." (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.) Similarly, it has long been the case that "a car thief may not complain because he may have been subjected to imprisonment for more than 10 years for grand theft of an automobile [citations] when, under the same facts, he might have been subjected to no more than 5 years under the provisions of section 10851[(a)] of the Vehicle Code." (*People v. Romo* (1975) 14 Cal.3d 189, 197.) The same reasoning applies to Proposition 47's provision for the possibility of sentence reduction for a limited subset of those

previously convicted of grand theft (those who stole an automobile or other personal property valued $950 or less), but not those convicted of unlawfully taking or driving a vehicle in violation of section 10851(a).  Absent a showing that a particular defendant "'has been singled out deliberately for prosecution on the basis of some invidious criterion,' . . . the defendant cannot make out an equal protection violation."  (*Wilkinson*, *supra*, 33 Cal.4th at p. 839.)  Defendant here has made no such showing.

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.