Filed 1/22/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD GRANDBERRY,<br><br>    Defendant and Appellant. | 2d Crim. No. B338353<br>(Super. Ct. No. KA051126)<br>(Los Angeles County) |

Richard Grandberry, a "Three Striker," appeals following a Penal Code section 1172.75 resentencing.[1]  He contends (1) the trial court erred when it "failed" to apply section 1385, subdivision (c), as amended by Senate Bill No. 81, in deciding whether to dismiss his "Three Strikes priors," and (2) section 1385, subdivision (c) should be interpreted in a manner that encompasses these convictions under the rule of lenity because the statute is subject to genuine ambiguity.

The People contend there was no error because section 1385, subdivision (c) does not apply to the "Three Strikes" law,

---

[1]  All further statutory references are to the Penal Code.

and the rule of lenity is not applicable here.  We agree with the People and affirm.

*Procedural Background*

In April 2001, appellant was convicted by jury of first degree burglary (§§ 459, 460, count 1) and attempted first degree burglary (§§ 664, 459, 460, count 2).  As to both counts, the jury found true that a person was present during the commission of the offenses.  (§ 667.5, subd. (c).)

In a bifurcated proceeding, the trial court found true the allegations that appellant had suffered three prior felony convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), three prior serious felony convictions (§ 667, subd. (a)(1)), and a prior prison term enhancement (§ 667.5, subd. (b)).  The trial court sentenced appellant to a term of 66 years to life in state prison.  This sentence was, after a non-published opinion, *People v. Grandberry* (Oct. 16, 2002, B152030), reduced to a term of 41 years to life.

In March 2024, appellant filed a motion for a "full resentencing" pursuant to section 1172.75 after he was referred to the trial court for resentencing by the California Department of Corrections and Rehabilitation.  Appellant requested that the trial court strike the one-year prior prison term enhancement, exercise its discretion pursuant to section 1385 to dismiss the three, five-year prior serious felony enhancements, and exercise its discretion pursuant to *People v. Superior Court* (*Romero*) (1996) (*Romero*) 13 Cal.4th 497 to dismiss two prior strike convictions.  The People filed an opposition.

At the hearing, counsel for appellant requested the trial court strike two of his prior strike convictions and one of his five-

2

year priors for a total of 22 years. Counsel argued that appellant was 69 years old and that he has had "minimal" issues in state prison since 2011. The People argued that a 25-year-to-life sentence remains appropriate in this case because appellant continued to commit new crimes after receiving his first strike conviction, he was on parole for burglary at the time he committed the instant offenses, and his rehabilitative efforts in prison were minimal. The People agree only that the trial court could exercise its discretion to dismiss the three, five-year prior serious felony conviction enhancements.

After hearing argument, the trial court dismissed appellant's one-year prior prison term enhancement and struck the three, five-year prior serious felony conviction enhancements in the interest of justice. It declined to modify the three-strike sentence or dismiss any of the prior strike convictions. As the trial court explained, "So, given the history, the seriousness of those crimes, I am glad that the conduct has been better while incarcerated with a lack of rehab, et cetera, . . . the court would not be interrupting that third strike because I think he fell then and falls now directly in the spirit of the third strike." The trial court resentenced appellant to a term of 25 years to life.

*Senate Bill No. 81*

Section 1385 governs a trial court's discretion to dismiss "enhancements" on its own motion. This includes the ability to dismiss all or any portion of an action, including enhancements. The *Romero* opinion allows it to dismiss prior strikes. (§ 1385, subds. (a)-(c); *Romero, supra*, 13 Cal.4th at p. 508.)

Effective January 1, 2022, Senate Bill No. 81 (Stats. 2021, ch. 721, § 1) amended section 1385 to add specific mitigating factors the trial court must consider when deciding whether to

3

strike enhancements from a defendant's sentence in the interest of justice.  (§ 1385, subd. (c)(2).)  Moreover, it provides that "[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  (*Ibid*.)

"Whether the amendments to section 1385 apply to prior strike convictions is a question of statutory interpretation which we review de novo."  (*People v. Burke* (2023) 89 Cal.App.5th 237, 242 (*Burke*).)

Appellant contends the trial court's "failure" to apply section 1385, subdivision (c) in deciding whether to dismiss the prior strikes was reversible error.  Specifically, he contends the "holistic balancing test" set forth by our high court in *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*) in determining when a mitigating circumstance exists "should include a prior strike allegation whether it is labeled as an "enhancement" or part of an alternative sentencing scheme."

But appellant forfeited this contention because he did not raise it below.  Indeed, he asked the trial court to dismiss his prior strike convictions based on *Romero*, not section 1385, subdivision (c).  The trial court applied the proper analysis and concluded that dismissal of the prior strikes was not warranted because appellant "fell then and falls now directly in the spirit of" the Three Strikes law.  As our high court has observed, "'[a] party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. . . ."  (*People v. Scott* (2015) 61 Cal.4th 363, 406.)

4

Appellant responds that this issue should not now be forfeited because it would have been futile for defense counsel to argue this theory. But even absent forfeiture, we would still reject this contention as meritless. Nothing in the *Walker* decision supports appellant's contention that section 1385, subdivision (c) should now be interpreted to encompass prior strikes and that courts should apply the "holistic balancing test" in determining whether to dismiss a prior strike. Indeed, the question presented and resolved in *Walker* was: "'Does the amendment to Penal Code section 1385, subdivision (c) that requires trial courts to "afford great weight" to enumerated mitigating circumstances (Stats. 2021, ch. 721) create a rebuttable presumption in favor of dismissing an enhancement unless the trial court finds dismissal would endanger public safety?'" (*Walker*, *supra*, 16 Cal.5th at p. 1031.) *Walker* did not address the Three Strikes law or whether section 1385, subdivision (c) applies to requests to dismiss prior strike convictions. (See *Walker*, at p. 1029, fn. 2.) "A case is not authority for propositions not considered." (*People v. Chavez* (2020) 54 Cal.App.5th 477, 480.)

Furthermore, courts have uniformly rejected the contention that the mitigating factors identified in subdivision (c) of section 1385 apply to a request to dismiss a prior strike because the Three Strikes is an alternate sentencing scheme, not an "enhancement." (See *Burke*, *supra*, 89 Cal.App.5th at p. 244; accord, *People v. Dowdy* (2024) 107 Cal.App.5th 1, 9; *People v. Olay* (2023) 98 Cal.App.5th 60, 69 (*Olay*); *People v. Tilley* (2023) 92 Cal.App.5th 772, 776, fn. 2.) We agree with these cases and reject appellant's contention to the contrary.

5

*Rule of Lenity*

Appellant contends section 1385, subdivision (c) should be interpreted in a manner that encompasses prior strikes under the rule of lenity because the statute is subject to genuine ambiguity. He also suggests the Legislature "may have intended for the term 'enhancement' under section 1385, subdivision (c) to be used in a broader manner to encompass prior strikes." There is no ambiguity. We restated the rule of lenity in *People v. Alberts* (1995) 32 Cal.App.4th 1424, 1427. "'[I]t is the policy of this state to construe a penal statute as favorably to the defendant as its language and the circumstances of its application may reasonably permit; just as in the case of a question of fact, the defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of language used in a statute.'" (*Keeler v. Superior Court* (1970) 2 Cal.3d 619, 631; see also *People v. Avery* (2002) 27 Cal.4th 49, 58.) We are not persuaded.

As the court explained in *Burke*, "We presume the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law." (*Burke, supra*, 89 Cal.App.5th at p. 243.) Because "[t]he Legislature did not otherwise define the word 'enhancement' in section 1385 . . . [and b]ecause the statutory language is clear and unambiguous," the *Burke* court opted to follow that language without considering any legislative history materials. (*Id.*, at pp. 243-244.)

After *Burke*, the *Olay* court analyzed the legislative history of Senate Bill No. 81 and concluded that it supports a finding that the Legislature intended "enhancement" to accord

6

with its accepted meaning.  (*Olay*, *supra*, 98 Cal.App.5th at pp. 66-68.)  The defendant in *Olay* argued, as appellant does here, that a strict construction of the term "enhancement" as set forth in section 1385, subdivision (c)(2)(G)[2] would render a portion of subparagraph (G) surplusage because "there is *no* enhancement that is 'trigger[ed]' by a 'juvenile adjudication[].'"  Thus, "the term 'enhancement' should include prior strike allegations."  (*Olay,* at pp. 66-67.)

But the *Olay* court was "skeptical the Legislature would have expressed an intent to reject the well-established legal meaning of 'enhancement' in such a roundabout manner by obliquely referencing 'juvenile adjudications' as one of the relevant mitigating circumstances."  (*Olay*, *supra*, 98 Cal.App.5th at p. 67.)  Moreover, "[t]he legislative history confirms the Legislature had no such intent."  (*Ibid*.)

In particular, the *Olay* court noted that the legislative history distinguished an "enhancement" from "an alternative penalty scheme."  After making this distinction, *Olay* explained that the "bill analysis states, in no uncertain terms, that '[t]he presumption created by this bill applies to enhancements [] but *does not encompass alternative penalty schemes*.'"  (*Olay, supra*, 98 Cal.App.5th at pp. 67-68, citing Assem. Com. On Public Safety, Analysis of Sen. Bill No. 81 (2021-2022 Reg. Sess.), as amended Apr. 27, 2021, at pp. 5-6.)  "A more unambiguous

---

[2]  That subdivision states that a "criminal conviction[] [or] juvenile adjudication[] that trigger[s] the enhancement or enhancements applied in the current case" is a mitigating circumstance to which a trial court must "afford great weight" in deciding whether to dismiss an "enhancement." (§ 1385, subds. (c)(2) & (c)(2)(G).)

statement of the Legislature's intent to adopt the legal meaning of enhancement for section 1385, subdivision (c) can hardly be imagined." (*Olay*, at p. 67.)  Moreover, the *Olay* court noted, "subsequent history makes no reference whatsoever to the Three Strikes law or any other alternative sentencing scheme." (*Id.* at p. 68.)

Appellant asks us to reject *Burke* and *Olay*'s well-reasoned analysis and adopt an interpretation of section 1385, subdivision (c) based on *Walker*, which did not address this distinct question of statutory interpretation.  We decline to do so.

We also reject appellant's contention that section 667, subdivisions (d)(3) and (e) create an ambiguity requiring reversal. If the Legislature had wanted section 1385, subdivision (c) to apply to prior strikes as well as to "enhancements" as legally defined, it would have said so.

Based on the foregoing, we conclude Senate Bill No. 81 does not apply to the Three Strikes law.

*Disposition*

The judgement is affirmed.

<u>CERTIFIED FOR PUBLICATION</u>.


YEGAN, Acting P. J.


We concur:


BALTODANO, J.


CODY, J.

8

Jacqueline H. Lewis, Judge
Superior Court County of Los Angeles

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jonathan J. Kline, Kristen J. Inberg, Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.