Filed 11/13/15  P. v. Morales CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ESEQUIEL MORALES,<br><br>    Defendant and Appellant. | B257335<br><br>(Los Angeles County<br>Super. Ct. No. PA029531) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed and remanded.

California Appellate Project, Jonathan B. Steiner and Susan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

Esequiel Morales[1] appeals from an order denying his petition for recall and resentencing pursuant to Proposition 36, the Three Strikes Reform Act of 2012 (the Act). He contends the trial court erred in concluding he was ineligible for resentencing on his convictions for receiving stolen property. In light of *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

The evidence, the sufficiency of which is not in dispute, established the following. In 1995, Morales committed two counts of first degree burglary and pled guilty to those counts. On March 9, 1998, Morales burglarized Sue Frost's Saugus residence. On April 28, 1998, Max Allshot's binoculars were stolen in Saugus. On about May 4, 1998, Valentin Lopez's weight belt was stolen from his brother's van, and a weed-whacker was stolen from his pickup truck. On or about May 6, 1998, Morales returned the weed-whacker to Lopez. On May 10, 1998, Los Angeles County sheriff's deputies found Morales in possession of the binoculars and weight belt.

A jury convicted Morales of three counts of receiving stolen property (Pen. Code, § 496, subd. (a))[2] and one count of first degree burglary (§ 459), and found he had suffered two prior serious felony convictions (§ 667, subds. (a)-(i)). On January 22, 1999, he was sentenced to prison for 85 years to life pursuant to the Three Strikes law (§ 667, subd. (b)-(i)), consisting of three consecutive terms of 25 years to life as to the burglary and two of the counts for receiving stolen property (relating to the weed-whacker and binoculars) and two five-year terms for the section 667, subdivision (a)(1) prior serious felony conviction enhancements. Morales was also sentenced to prison for 25 years to life for the additional count of receiving stolen property (relating to the weight belt), and the trial court stayed that sentence pursuant to section 654. The judgment was later modified by striking one of the prior serious felony conviction

---

[1]     Morales's name is spelled "Esequiel Morales" in some court documents and "Ezequiel Morales" in others.

[2]     All further undesignated statutory references are to the Penal Code.

2

enhancements, thereby reducing Morales's unstayed prison term to 80 years to life. (See *People v. Esequiel Morales* (B130194; filed on May 25, 2000) [nonpub. opn.].)

On November 6, 2012, California voters approved Proposition 36, the Act, which amended the Three Strikes law effective November 7, 2012. (*Johnson*, *supra*, 61 Cal.4th at p. 679.) Prior to passage of the Act, a defendant convicted of two prior serious or violent felonies was subject to a 25 years to life sentence upon his or her conviction of *any* additional felony. (*Id.* at p. 680.) Under amended sections 667 and 1170.12, a defendant who has been convicted of two prior strikes is subject to such a sentence only if the current, third felony is itself serious or violent or if certain enumerated exceptions apply. (*Id.* at p. 681; §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) Absent such exceptions, the defendant is to receive a second strike sentence of twice the term otherwise provided for the current felony. (*Johnson*, *supra*, 61 Cal.4th at p. 681.)

The Act also added section 1170.126,[3] which created a resentencing procedure for prisoners serving indeterminate terms under the former version of the Three Strikes law,

---

[3]     Section 1170.126 provides in pertinent part: "(a) The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence. [¶] (b) Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section. [¶] . . . [¶] (e) An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of

who would not have been sentenced to such terms under the Act. (*Johnson*, *supra*, 61 Cal.4th at p. 682.) An eligible prisoner may file a petition to recall his or her sentence in the trial court and seek resentencing as a second strike offender. (§ 1170.126, subds. (b), (e).) Resentencing of eligible inmates may nonetheless be refused if the trial court in its discretion determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).)

On May 16, 2014, Morales filed a petition for recall of sentence seeking resentencing under the Act as to his convictions for receiving stolen property. The trial court denied the petition finding that Morales was ineligible for resentencing under section 1170.126, subdivision (e)(2) because one of his current convictions was for first degree burglary, a serious felony. Morales timely appealed.

### DISCUSSION

After the parties completed initial briefing the California Supreme Court, resolving an issue that had divided the Courts of Appeal, held in *Johnson* that an inmate is eligible for resentencing under section 1170.126 on a current conviction that is neither serious nor violent, even though he or she has another current conviction that is serious or violent. (*Johnson*, *supra*, 61 Cal.4th at pp. 679-680.) The court reasoned that historically, sentencing under the Three Strikes law has focused on the sentence to be imposed with respect to each individual count. (*Id.* at pp. 688-689.) The Proposition 36 ballot materials did not suggest that the electorate intended to apply a different approach

---

subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12. [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12. [¶] (f) Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e). If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

in the context of resentencing under section 1170.126. (*Id.* at pp. 691, 694.) Moreover, evaluating resentencing eligibility on a count-by-count basis promotes sentencing that fits the crime, effectuates the voters' intent of making room in prison for dangerous criminals while protecting public safety, and prevents a distinction in punishment based on whether the counts were tried in the same prosecution. (*Id.* at p. 694.) Accordingly, *Johnson* concluded that the Act "requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life." (*Id.* at p. 688.)

Here, Morales's current convictions are for first degree burglary (§ 459) and receiving stolen property (§ 496, subd. (a)). First degree burglary is a serious felony. (§§ 667.5, subd.(c)(21), 1192.7, subd. (c)(18).) Receiving stolen property is not a serious or violent felony absent additional circumstances, such as, for example, the use of a firearm or the infliction of great bodily injury in the commission of the felony. (§§ 667.5, subd. (c), 1192.7, subd. (c).) Under *Johnson*, the fact Morales was convicted of first degree burglary does not make him ineligible as a matter of law for recall of sentence and resentencing on the receiving stolen property convictions.[4] Accordingly, we reverse the trial court's order and remand for a new hearing at which the court should determine Morales's eligibility for recall and resentencing on the receiving stolen property convictions in accordance with section 1170.126, subdivisions (e) and (f). (See *People v. Jernigan* (2014) 227 Cal.App.4th 1198, 1204 ["First, the trial court must determine whether an inmate is eligible for resentencing. And second, the trial court must evaluate whether resentencing an eligible inmate would pose an unreasonable risk of danger to the public."].)

---

[4]    We invited the parties to submit supplemental briefing in light of *Johnson*. Morales agrees and the People concede that, under *Johnson*, Morales may be eligible for resentencing on his convictions for receiving stolen property.

5

*DISPOSITION*

The trial court's order denying Morales's petition for recall of sentence is reversed and the matter is remanded for further proceedings consistent with the opinions expressed herein.

***NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS***


                                        EDMON, P. J.

WE CONCUR:



ALDRICH, J.



JONES, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.