Filed 8/30/16  P. v. Pena CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C075597 |
| Plaintiff and Respondent, | (Super. Ct. No. SC062722A) |
| v. | |
| MELVIN RICHARD PENA, | |
| Defendant and Appellant. | |

In 1998, defendant Melvin Richard Pena was sentenced to an indeterminate term of 25 years to life under California's Three Strikes Law for failing to notify authorities of a change of address by a registered sex offender pursuant to Penal Code section 290. (Pen. Code, §§ 290, 1170.12; unless otherwise set forth, statutory references that follow are to the Penal Code.)  Following the electorate's passage of the Three Strikes Reform Act of 2012 (the Act), defendant filed a petition to recall his sentence and for resentencing under section 1170.126.  The trial court denied the recall petition, finding

1

defendant statutorily ineligible for resentencing based on his prior convictions for sexually violent offenses.

Defendant contends his due process rights were violated when the trial court failed to ensure his presence at the hearing to determine his threshold eligibility for resentencing under section 1170.126. Finding no merit in his contentions, we affirm the trial court's order.

## FACTS AND PROCEEDINGS

In 1981, defendant pleaded guilty to forcible rape (§ 261), kidnapping (§ 207), and oral copulation by force (§ 288a, subd. (c)), with enhancements charged on each count for personal use of a firearm during the commission of the crimes. (§ 12022.5.) The court later denied defendant's motion to withdraw his pleas and sentenced him to 18 years in state prison.

In 1998, a jury convicted defendant of violating section 290's sex offender registration requirements for failing to notify authorities of a change in his address. In a subsequent bifurcated proceeding, the court found true the special allegations that defendant had three strike priors based on the 1981 convictions. The court denied defendant's request to strike the allegations of the prior convictions under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). The court sentenced defendant to state prison for an indeterminate term of 25 years to life. The judgment was affirmed on appeal. (See *People v. Pena*, Feb, 25, 2000, C031169 [nonpub. opn.].)

In October 2013, defendant filed a petition for recall of sentence pursuant to section 1170.126 and a motion to strike strikes. According to defendant, if the court struck his prior strikes under *Romero* he would then qualify for resentencing under the Act. The People opposed the motion, arguing defendant was statutorily ineligible for resentencing because he suffered two prior convictions for sexually violent offenses.

2

At a hearing on the recall petition, the public defender informed the court that defendant wished to be present. Although defense counsel conceded he had not uncovered any facts suggesting defendant was eligible for resentencing under section 1170.126, he nevertheless argued defendant had a due process right to be present because defendant might conceivably provide him with information about the priors that would shed light on the eligibility issue.

The court found that the threshold eligibility issue under section 1170.126 was a question of law and that defendant's presence was not required at the hearing. The court also noted that defendant's request to strike his prior strikes was outside the purview of the recall petition. Finding him statutorily ineligible, the court denied the recall petition.

DISCUSSION

I

*Resentencing under the Three Strikes Reform Act*

"The Act amended the Three Strikes law so that an indeterminate life sentence may only be imposed where the offender's third strike is a serious and/or violent felony or where the offender is not eligible for a determinate sentence based on other disqualifying factors." (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 596-597 (*Teal*).) Section 1170.126 of the Act establishes a procedure for an offender currently serving an indeterminate life sentence for a third strike conviction that is not a serious and/or violent felony to file a petition for recall of sentence. (§ 1170.126, subd. (b).)

"Subdivision (f) [of section 1170.126] states that '[u]pon *receiving* a petition for recall of sentence under this section, the court *shall determine* whether the petitioner satisfies the criteria in subdivision (e).' " (*Teal*, *supra*, 60 Cal.4th at p. 600; see also § 1170.126, subd. (f).) An inmate is ineligible for resentencing if (1) the inmate is serving an indeterminate life term imposed under the Three Strikes law for a felony defined as serious and/or violent; (2) the inmate's current sentence was imposed for

3

certain controlled substance or felony sex offenses or the inmate used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person during the current offense; or (3) the inmate's prior convictions included certain designated offenses, including a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).  (§ 1170.12, subd. (e)(1)-(3).)

Welfare and Institutions Code section 6600, subdivision (b) defines a "sexually violent offense" as follows:  " 'Sexually violent offense' means the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person, and that are committed on, before, or after the effective date of this article and result in a conviction or a finding of not guilty by reason of insanity, as defined in subdivision (a):  a felony violation of Section 261, 262, 264.1, 269, 286, 288, 288a, 288.5, or 289 of the Penal Code, or any felony violation of Section 207, 209, or 220 of the Penal Code, committed with the intent to commit a violation of Section 261, 262, 264.1, 286, 288, 288a, or 289 of the Penal Code."  (Welf. & Inst. Code, § 6600, subd. (b).)

If a petitioner is not ineligible given the criteria set forth above, the trial court must resentence the petitioner unless, in its discretion, it determines that resentencing would pose an unreasonable risk of danger to public safety.  (§ 1170.126, subd. (f).)  An order denying a section 1170.126 petition after finding a petitioner statutorily ineligible is appealable.  (*Teal, supra,* 60 Cal.4th at p. 601.)

II

*Defendant's Presence at the Eligibility Determination*

Defendant contends the trial court erred in determining he was ineligible for resentencing under section 1170.126 at a hearing at which he was not personally present. He argues that he had a constitutional right to be present at the hearing.

" 'Broadly stated, a criminal defendant has a right to be personally present at certain pretrial proceedings and at trial under various provisions of law, including the confrontation clause of the Sixth Amendment to the United States Constitution, the due process clause of the Fourteenth Amendment to the United States Constitution, section 15 of article I of the California Constitution, and sections 977 and 1043. [Citation.]' " (*People v. Jennings* (2010) 50 Cal.4th 616, 681 (*Jennings*); *People v. Rodriguez* (1998) 17 Cal.4th 253, 260 (*Rodriguez*) ["A defendant, of course, has a constitutional right to be present at all critical stages of the criminal prosecution, i.e., 'all stages of the trial where his absence might frustrate the fairness of the proceedings' [citation], or 'whenever his presence has a relation, reasonably substantial to the fullness of his opportunity to defend against the charge' "].) " ' "A defendant, however, 'does not have a right to be present at every hearing held in the course of a trial.' [Citation.]" ' " (*Jennings, supra,* 50 Cal.4th at p. 681.)

"Under the Sixth Amendment's confrontation clause, a criminal defendant does not have a right to be personally present at a particular proceeding unless his appearance is necessary to prevent 'interference with [his] opportunity for effective cross-examination.' " (*People v. Waidla* (2000) 22 Cal.4th 690, 741 (*Waidla*); *Jennings, supra,* 50 Cal.4th at p. 681.) Under the Fourteenth Amendment's due process clause, "a criminal defendant does not have a right to be personally present at a particular proceeding unless he finds himself at a 'stage . . . that is critical to [the] outcome' and 'his presence would contribute to the fairness of the procedure.' " (*Waidla* at p. 742; *Jennings* at pp. 681-682.)

Under the California Constitution, "a defendant has no right to be present at discussions that occur outside the jury's presence, whether in chambers or at the bench, concerning questions of law or other matters that do not bear ' " 'a " ' "reasonably substantial relation to the fullness of his opportunity to defend against the charge." ' " ' " ' " (*Jennings, supra,* 50 Cal.4th at p. 682; Cal. Const. art. I, § 15.)

5

" 'Thus a defendant may ordinarily be excluded from conferences on questions of law, *even if those questions are critical to the outcome of the case*, because the defendant's presence would not contribute to the fairness of the proceeding.' " (*Jennings* at p. 682.) Lastly, under sections 977 and 1043, "a criminal defendant does not have a right to be personally present where he does not have such a right under section 15 of article I of the California Constitution." (*Waidla, supra,* 22 Cal.4th at p. 742.)

We note that section 977 partly provides: "Except as provided in subdivision (c), in all cases in which a felony is charged, the accused shall be personally present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present, as provided in paragraph (2). . . ." (§ 977, subd. (b)(1).) Section 1043 provides in part, "Except as otherwise provided in this section, the defendant in a felony case shall be personally present at the trial." (§ 1043, subd. (a).)

Defendant bears the burden of demonstrating that his absence prejudiced the defense or denied him a fair trial. (*Jennings, supra,* 50 Cal.4th at p. 682.) And "an appellate court applies the independent or de novo standard of review to a trial court's exclusion of a criminal defendant from trial, either in whole or in part, insofar as the trial court's decision entails a measurement of the facts against the law. (See *People v. Bradford* (1997) 15 Cal.4th 1229, 1355-1358 [*semble*].)" (*Waidla, supra,* 22 Cal.4th at p. 741.)

After independent review, we find no error by the trial court when the court decided that defendant was not statutorily eligible for resentencing under section 1170.126 in his absence because we find no right on his part to be personally present. The trial court's threshold eligibility determination was a legal issue (*People v. Oehmigen* (2014) 232 Cal.App.4th 1, 7 (*Oehmigen*)), and, as noted, a defendant does not have the

6

right to be personally present during proceedings concerning questions of law. (*Waidla, supra,* 22 Cal.4th at p. 742.)

In *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1331 (*Bradford*), this court concluded that there is no right to a jury trial or formal hearing on the eligibility issue. Although we recognized that a petitioner must be provided an opportunity to be heard before the court determines eligibility based on unadjudicated facts, the trial court nevertheless determines eligibility solely on evidence found in the record of conviction. (*Ibid.*)

Similarly, in *Oehmigen* we found that a petitioner has no due process right to a hearing on eligibility. (*Oehmigen, supra,* 232 Cal.App.4th at pp. 6-7 ["due process does not command a *hearing* on the threshold criteria that establish entitlement to resentencing"].) There, we noted that the issue of statutory "eligibility is not a question of fact that requires the resolution of disputed issues" since "[t]he *facts* are limited to the record of conviction" underlying a defendant's commitment or prior offenses. (*Id.* at p. 7.) "What the trial court decides is a question of *law*: whether the facts in the record of conviction are the proper subject of consideration, and whether they establish eligibility." (*Ibid.*)

Thus, while a petitioner "has a right to provide 'input' in the form of briefing 'if the petitioner has not addressed the issue [of eligibility in the petition] and the matter of eligibility concerns facts that were not actually adjudicated at the time of the petitioner's original conviction[,]' " no right to a hearing on eligibility at which a petitioner is present exists. (*Oehmigen, supra,* 232 Cal.App.4th at pp. 7-8.) That a defendant has no constitutional right to be present when the court determines eligibility necessarily flows from the conclusion that a petitioner has no right to a hearing on the issue at all.

*Kaulick*, which defendant argues "strongly intimated that the defendant's personal presence is fundamental even for a step one [eligibility] hearing[,]" does not dictate a different result. In dictum *Kaulick* stated, "[t]o the extent the court's [eligibility]

7

determination may be based on anything other than the undisputed record of the prisoner's conviction, the prosecution could certainly argue that it has a right to present evidence and to be heard on the issue. As this issue is not presented by the instant writ petition, however, we express no opinion on it." (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1298, fn. 21 (*Kaulick*); see also *id.* at p. 1299, fn. 22.)

As noted above, the trial court *is* limited to the record of conviction when determining eligibility. (See *Bradford, supra,* 227 Cal.App.4th at p. 1331; see also *Oehmigen, supra,* 232 Cal.App.4th at p. 7.) "The *facts* are limited to the record of conviction underlying a defendant's commitment [or prior] offense; the statute neither contemplates an evidentiary hearing to establish these facts, nor any other procedure for receiving new evidence beyond the record of conviction." (*Oehmigen* at p. 7.)

We are not persuaded, moreover, that subdivision (i) of section 1170.126 contemplates a petitioner's presence at the eligibility determination absent a waiver. Subdivision (i) partly provides, "a defendant petitioning for resentencing may waive his or her appearance in court *for the resentencing*, provided that the accusatory pleading is not amended at the resentencing, and that no new trial or retrial of the individual will occur." (§ 1170.126, subd. (i), italics added.)

Defendant essentially asks us to infer a personal presence requirement for the initial eligibility determination based on a waiver of appearance provision that refers *only* to *resentencing*. Courts, however, may not, " 'under the guise of construction, rewrite the law or give the words an effect different from the plain and direct import of the terms used.' " (*People v. Leal* (2004) 33 Cal.4th 999, 1008 (*Leal*).) We must simply ascertain and declare what is in terms or in substance contained in a statute; we may not "insert what has been omitted or omit what has been inserted." (*Ibid.*)

The plain language of subdivision (i) accords a petitioner, *after having been found eligible for resentencing*, the right to waive his appearance at the actual resentencing hearing. The waiver provision, by its own terms, does not apply to the court's initial

eligibility determination. (*Oehmigen, supra,* 232 Cal.App.4th at p. 6 [recognizing the contrasting language in subdivision (f) "(('[*u*]*pon recei*[*pt*] [*of*] a petition for recall . . . *the court shall determine* [eligibility],' italics added)) and [subdivision] (i) ('a defendant petitioning for resentencing *may waive* . . . *appear*[*ing*] *in court* for the *resentencing*,' italics added)"].)

Similarly, defendant's contention that we should recognize a right to attend the eligibility determination because a petitioner has a right to be personally present at the subsequent dangerousness hearing is unavailing. (See e.g., *Kaulick, supra,* 215 Cal.App.4th at pp. 1299-1300.) Unlike the hearing on dangerousness, or even the resentencing hearing itself, the trial court does not exercise discretion when determining eligibility, as it is a legal question, and the court cannot consider evidence beyond the record of conviction. (§ 1170.126, subd. (f); *Oehmigen, supra,* 232 Cal.App.4th at p. 7.) Thus, even though the court's threshold eligibility determination may be critical to the ultimate outcome of the recall petition, the defendant's presence would not contribute to the fairness of the proceeding on the legal issue. (See *Jennings, supra,* 50 Cal.4th at p. 682; cf. *Rodriguez, supra,* 17 Cal.4th at pp. 259-260 [recognizing that permitting the trial court to decide how to exercise its discretion to strike a strike under section 1385 without affording a defendant and his counsel an opportunity to be present and address the subject would be manifestly unfair].)

Defendant's claim that the nature of the prior conviction may not have been fully litigated in the original proceeding is likewise without merit. Because the trial court is limited to considering the record of conviction, the parties cannot relitigate facts underlying the prior conviction. (See *People v. Johnson* (1992) 3 Cal.4th 1183, 1242 [a trier of fact may look to the entire record of conviction to determine the nature of a prior offense, but may not relitigate the facts behind the record].)

Even assuming, for sake of argument, that defendant had a right to be present when the court made the threshold eligibility determination, we conclude that defendant

9

cannot establish prejudice from the purported error. (*People v. Davis* (2005) 36 Cal.4th 510, 532-533 [federal constitutional error is evaluated under the *Chapman* harmless beyond a reasonable doubt standard; state statutory error is evaluated under the *Watson* reasonably probable standard].) The record on appeal establishes that the error, if there was one, was harmless. (*Id.* at pp. 533-534 [defendant's absence from a hearing regarding the admissibility of a jailhouse tape recording was harmless error].)

Section 288a prohibits and punishes an act of oral copulation accomplished against the victim's will be means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person. (§ 288a, subd. (c)(2)(A).) Section 261 defines rape as an act of sexual intercourse with a person accomplished against the person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another. (§ 261, subd. (a)(2).)

"By its plain terms, Welfare and Institutions Code section 6600, subdivision (b) defines 'sexually violent offense' to include forcible oral copulation." (*People v. Jernigan* (2014) 227 Cal.App.4th 1198, 1207-1208.) Rape by force is also included in the definition of a sexually violent offense under that provision. (Welf. & Inst. Code, § 6600, subd. (b).) Any prior convictions for these two offenses thus render a petitioner ineligible for resentencing under the Act. (§§ 1170.126, subd. (e)(3); 667, subd. (e)(2)(C)(iv).)

In this case, the 1980 Information relating to defendant's prior convictions shows defendant was charged in count 1 with rape by force and in count 3 with oral copulation by force. The abstract of judgment shows defendant pleaded guilty to those charges. Both the charging document and the abstract of judgment constitute parts of the record of conviction for purposes of establishing a defendant's prior convictions. (*People v. Harrell* (1989) 207 Cal.App.3d 1439, 1444 [the charging document is admissible if the defendant pleaded guilty or no contest]; *People v. Delgado* (2008) 43 Cal.4th 1059, 1070

10

[if an abstract of judgment clearly describes the nature of the prior conviction, in the absence of any conflict with the oral pronouncement of judgment or rebuttal evidence, it is presumed reliable and accurate, and may be used to establish the prior conviction].) Under the plain language of section 1170.126, then, defendant was not eligible for resentencing. (§§ 1170.126, subd. (e)(3); 667, subd. (e)(2)(C)(iv).)

Defendant does not contend that he could have contradicted the record of conviction, and, indeed, his petition for recall implicitly concedes the disqualifying prior convictions given that he asked the court to strike the convictions to bring him within the purview of the Act. Defense counsel further acknowledged that he had "not uncovered any facts" that would allow him to counter the People's contention that defendant was ineligible for resentencing given his two prior convictions for sexually violent offenses.

Also, before sentencing defendant for the current commitment offense in 1998, the trial court considered defendant's request to exercise its discretion under section 1385 and *Romero* to strike the prior sexually violent convictions. The court ultimately concluded defendant was not outside the ambit of the Three Strikes Law, and declined to exercise its discretion to strike the prior strikes. Given that the *Romero* issue had already been decided against defendant, it is unlikely the prior convictions would have been stricken in a potential habeas proceeding intimated to by defense counsel during the hearing. We are thus convinced beyond a reasonable doubt that defendant's presence at the hearing would not have resulted in a more favorable outcome on the recall petition.

11

DISPOSITION

The order finding defendant ineligible for resentencing under section 1170.126 and denying defendant's recall petition is affirmed.

      HULL      , Acting P. J.

We concur:

      BUTZ      , J.

      HOCH      , J.